**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Echols, Jr., | No. CV 05-1739-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Board of Supervisors, et al., | |
| Defendants. | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly an inmate at the Durango Jail in Phoenix, Arizona. The Court will require an answer to the Complaint.

**A.    Filing Fee**

The Court ordered Plaintiff to show cause why the filing fee should not be paid in full in light of his release from jail. See Dkt. #5. On November 22, 2005, Plaintiff responded with an affirmation under penalty of perjury stating that he "will make a commitment to pay next week." See Dkt. #6. The Court will therefore grant his motion to proceed *in forma*

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

1 *pauperis* without *prepayment* of the filing fee and require that his action be dismissed if he
2 does not subsequently pay the $250.00 filing fee **on or before January 31, 2006**.

3 **B.    Statutory Screening of Prisoner Complaints**

4 The Court is required to screen complaints brought by prisoners seeking relief against
5 a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
8 may be granted, or that seek monetary relief from a defendant who is immune from such
9 relief.  28 U.S.C. § 1915A(b)(1), (2).

10 **C.    Complaint**

11 Plaintiff alleges that while confined at the Durango Jail, he was subjected to
12 overcrowded conditions that caused headaches and insomnia, that the unsanitary conditions
13 caused him to suffer various illnesses, and that inadequate medical care also caused him to
14 suffer sickness.  He alleges that the Maricopa County Board of Supervisors and Sheriff
15 Joseph Arpaio are liable because they oversee the administration of the jails, and that Captain
16 Peterson is liable because he enforces the rules and regulations of the sheriff.  At this early
17 juncture, these allegations adequately state a claim.

18 **D.    Rule 41 Cautionary Notice**

19 Plaintiff should take notice that if he fails to timely comply with every provision of
20 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
21 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
22 61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
23 Court), cert. denied, 506 U.S. 915 (1992).

24 **IT IS THEREFORE ORDERED that:**

25 (1) Plaintiff motion for leave to proceed *in forma pauperis* without *prepayment* of the
26 filing fee (Dkt. #6) is **granted**.  He must pay the $250.00 filing fee on or before **January**
27 **31, 2006**, or his action will be dismissed.

28

(2) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendants Maricopa County Board of Supervisors, Joseph M. Arpaio, and Captain Peterson.

(3) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(5) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(6) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure;

   (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form

1   (USM-285) and shall include the costs incurred by the Marshal for photocopying
2   additional copies of the Summons, Complaint, or this Order and for preparing new
3   process receipt and return forms (USM-285), if required.  Costs of service will be
4   taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the
5   Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

6   (7) **A Defendant who agrees to waive service of the Summons and Complaint**
7   **shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

8   (8)  Defendants shall answer the Complaint or otherwise respond by appropriate
9   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
10  Rules of Civil Procedure.

11  (9) Any answer or responsive pleading shall state the specific Defendant(s) by name
12  on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other
13  motion or paper that does not identify the specific Defendant(s) by name on whose behalf
14  it is filed.

15  (10)  Plaintiff shall serve upon Defendants, or if appearance has been entered by
16  counsel, upon counsel, a copy of every further pleading or other document submitted for
17  consideration by the Court.  Plaintiff shall include with the original document and copy, to
18  be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
19  the pleading or document was mailed to Defendants or counsel.  Any paper received by a
20  District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
21  may be disregarded by the Court.

22  (11) At all times during the pendency of this action, Plaintiff shall immediately advise
23  the Court and the United States Marshal of any change of address and its effective date.
24  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
25  contain only information pertaining to the change of address and its effective date.  Plaintiff
26  shall serve a copy of the notice on all opposing parties. The notice shall not include any
27  motions for any other relief. Failure to file a Notice of Change of Address may result in the
28

1  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
2  of Civil Procedure.
3     (12) A clear, legible copy of every pleading or other document filed shall accompany
4  each original pleading or other document filed with the Clerk for use by the District Judge
5  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
6  may result in the pleading or document being stricken without further notice to Plaintiff.
7     (13) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Local
8  Rules of Civil Procedure 72.1 and 72.2 for further proceedings.
9     DATED this 8th day of January, 2006.

_____
Mary H. Murgula
United States District Judge