**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Randy Echols, Jr., ) | No. CV 05-1739-PHX-MHM (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) |   |
| Maricopa County Sheriff's Office, et al., ) |   |
| Defendants. ) |   |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #13). Plaintiff responded but Defendants did not file a reply (Doc. #24). The Court will grant Defendants' motion.

**I. Background**

Plaintiff sued the Maricopa County Board of Supervisors, Sheriff Joseph Arpaio, and Captain Peterson, and alleged that his constitutional rights were violated by overcrowding, unsanitary conditions, and inadequate medical care at the jail (Doc. #1). The Court ordered an answer, and Defendants filed a Motion to Dismiss (Doc. ##8, 13).

In their motion, Defendants contended that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #13). In support, Defendants submitted the affidavit of Zelean Tademy, a Hearing Officer for inmate discipline and grievances (Ex. 1, Doc. #13). Tademy attested that, according to the sheriff's office records, Plaintiff filed two Institutional Grievance Appeals,

both regarding his medical care and screening (Tademy Aff. ¶ 5). Although the issues were not resolved at the Institutional Grievance Appeal level, Plaintiff did not file any External Appeals – the final step in the grievance process (Id. ¶¶ 4-5). Defendants attached copies of Plaintiff's grievances (Ex. B, Doc. #13). Tademy further attested that Plaintiff did not file any grievances about overcrowding or unsanitary conditions during his confinement at the jail (Tademy Aff. ¶ 6). Defendants also submitted a copy of the Inmate Grievance Procedure, Policy DJ-3 (Ex. A, Doc. #13).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. #14). In light of Plaintiff's numerous address changes and transfers between facilities, the Court extended the time for responding to Defendants' motion (See Order ##17, 21, 23). Plaintiff then filed a response and asserted that Defendants continually moved him to different facilities, failed to provide him with proper treatment, and ignored their legal responsibilities. He alleged that Defendants' attempt to dismiss the case constitutes avoidance of the real problems raised in this action. Finally, he requested that the Court review his claims and not dismiss his case (Id. at 2).

**II. Legal Standard on Motion to Dismiss**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the

method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

Contrary to Defendants' assertion, the administrative exhaustion requirement does not require dismissal of the entire action when a prisoner brings a § 1983 action containing both unexhausted and exhausted claims. The "total exhaustion" rule was rejected by the Ninth Circuit in <u>Lira v. Herrera</u>, 427 F.3d 1164, 1173-75 (9th Cir. 2005), <u>petition for cert. filed</u>, 74 U.S.L.W. 3425 (2006). The validity of the "total exhaustion" rule is presently pending before the Supreme Court in <u>Williams v. Overton</u>, 136 Fed. Appx. 859, 2005 WL 1513102 (6th Cir. 2005) (unpublished), <u>cert. granted</u>, 126 S. Ct. 1463 (March 6, 2006). Until the Supreme Court decides to the contrary, the binding precedent in this circuit is that only unexhausted claims are dismissed, not the entire action. <u>Lira</u>, 427 F.3d at 1175-76.

## III. Analysis

Defendants submitted evidence that a grievance system was available at the jail for Plaintiff's claims (Tademy Aff. ¶¶ 3-4; Ex. A, Doc. #13). Plaintiff conceded in his Complaint that he did not file grievances for his claims in Counts I (overcrowding) and II (sanitation) (Doc. #1 at 4-5). Plaintiff explained that he did not submit grievances because officers told him that his claims were not grievable (<u>Id.</u>). But Plaintiff did not specify his attempts to use the grievance system; he only provided general allegations that he was told these issues did not warrant grievances (<u>Id.</u>). Plaintiff has not alleged, either in his Complaint or in his response memorandum, exactly what transpired for these two Counts. Without more specific allegations, Plaintiff cannot overcome Defendants' evidence showing that a grievance system was available at the jail for Plaintiff's first two claims.

As to Count III (medical care), Plaintiff did not indicate in his Complaint whether or not he submitted a request for administrative relief (Doc. #1 at 6). Defendants proffered evidence that Plaintiff did grieve this issue, but only up to the Institutional Grievance Appeal; the fourth step in the grievance procedure (Tademy Aff. ¶ 5, Ex. B, Doc. #13). According to the documents attached to the Motion to Dismiss, there are five steps in the jail grievance process, the final step being an appeal to the External Referee (Ex. A, Doc. #13).

- 3 -

In his response memorandum, Plaintiff did not refute Defendants' assertion that he failed to appeal this medical care claim to the External Referee, nor did he offer any explanation for his failure to do so (Doc. #24). Plaintiff alleged that Defendants "shuffled" him through several jail facilities and "brushed off all their legal responsibilities" (Id. at 1). He also cited to "Law 13-1709 B & E," which appears to be a citation to a state law provision that is not relevant to this action[1] (Id.). These general and unexplained statements do not overcome Defendants' evidence demonstrating that Plaintiff did not grieve any of his three counts to the final level of the grievance process.

Based on the record before the Court, Plaintiff failed to exhaust his available administrative remedies. Accordingly, Defendants' motion will be granted and Plaintiff's action will be dismissed without prejudice.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #13) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 12th day of February, 2007.

_____
Mary H. Murguia
United States District Judge

---

[1] A.R.S. § 13-1709(B) and (E) provide for the court to assess expenses against individuals who violate a state law and then require emergency response assistance from a public agency.

- 4 -